IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT ELLIOTT DAVIS :

    Petitioner, :    Civil Action No. WDQ-11-1475
                                                   Criminal Case No. WDQ-03-412
v. :

UNITED STATES OF AMERICA :

    Respondent. :

o0o

## MEMORANDUM

On May 26, 2011, the Petitioner filed this motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 118. For the following reasons, the motion will be dismissed without prejudice for lack of jurisdiction.

The Petitioner indicates that one of the state court sentences relied upon for establishing his guideline range in this case "may be" vacated. Additionally, he wishes to present testimony regarding "diminished capacity" that was not presented at his sentencing hearing. *Id.* This motion is a successive § 2255 challenge to the Petitioner's conviction.[1] The motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the

---

[1] Petitioner's first §2255 motion, filed November 8, 2005, was denied by Order dated April 21, 2006. ECF Nos. 46 and 47. He filed another § 2255 motion on April 27, 2006, which was dismissed on May 9, 2006. ECF Nos. 48 and 53. Petitioner filed a third motion on June 1, 2006, which was dismissed on June 26, 2006. ECF Nos. 56, 61 and 62. Petitioner's fourth motion, filed on April 17, 2007, was dismissed on May 2, 2007. ECF Nos. 70-72. His fifth motion, filed June 18, 2008 was dismissed on July 1, 2008. ECF Nos. 90-92.

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Petitioner has not received certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim.

The United States Court of Appeals for the Fourth Circuit has instructions for filing a motion to obtain an authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Court will provide the Petitioner a packet of the Fourth Circuit instructions which address the comprehensive procedure to be followed should the Petitioner seek to file a successive petition. It is emphasized that the Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this Court may examine his claims.

The Petitioner has no absolute entitlement to appeal the denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell,* 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983). The Court will not issue a Certificate of Appealability because the Petitioner has not made the requisite showing. A certificate of appealability will be denied.

9/30/11
Date

William D. Quarles, Jr.
United States District Judge